IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **HECTOR YADO** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO._____** |
| | § | **JURY DEMANDED** |
| **PALOMAR SPECIALTY** | § | |
| **INSURANCE COMPANY** | § | |
| **Defendant.** | § | |
| | § | |

## DEFENDANT PALOMAR SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Palomar Specialty Insurance Company, in Cause No. C-0017-17-A, pending in the 92nd District Court of Hidalgo County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and respectfully shows:

### I. FACTUAL BACKGROUND

1.1   On or about January 3, 2017, Plaintiff filed his Original Petition in the matter styled *Hector Yado v. Palomar Specialty Insurance Company*, in the 92nd District Court of Hidalgo County, Texas, in which Plaintiff made a claim for damages to his home under a homeowner's insurance policy.

1.2   Plaintiff served Palomar with process and Plaintiff's Original Petition on February 14, 2017.

1.3     Plaintiff's Original Petition states that on or about October 24, 2015, Plaintiff's property sustained damages as the result of wind and/or hailstorm. Plaintiff subsequently filed a claim on her insurance policy." *See* Pl.'s Original Pet. at ¶ 7.

1.4     Plaintiff's petition states that the damages were covered under the insurance policy Plaintiff bought from Defendant. *See id.* at ¶¶ 6, 8.

1.4     The Index of Matters Being Filed is attached as Exhibit A to this Notice of Removal.  A copy of the Hidalgo County District Clerk's file for this case is also attached as Exhibit B and includes true and correct copies of all executed process, pleadings, and orders.  The Designation of Counsel is attached as Exhibit C.  Attached as Exhibit D is the affidavit of Mike Ramirez.

## II.  BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C.  §§ 1332, 1441(a) and 1446.

### A.     Complete diversity exists between Plaintiff and Palomar.

2.2     At the time the lawsuit was filed, Plaintiff was a resident of the State of Texas.  *See* Pl.'s Original Pet. at ¶ 2.

2.3     Defendant Palomar is incorporated as an Oregon-domiciled insurance company, and has its principal place of business in California.  Accordingly, Palomar is not a citizen of Texas.

2.4     Because Plaintiff is a citizen of Texas and Palomar, a foreign defendant, is the only defendant in this action, there is complete diversity between the parties. As such, removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**B.      The amount of damages prayed for by Plaintiff exceeds the amount in controversy required to confer diversity jurisdiction on this Court.**

2.6     Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000.  28 U.S.C. §1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). Generally, an amount in controversy for the purposes of establishing federal jurisdiction is determined by the plaintiff's complaint.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

2.7     Here, Plaintiff's petition states that "PLAINTIFF is seeking monitory [sic] relief not more than $100,000.00.  For purposes of determing [sic] jurisdiction in the Federal Courts, Plaintiffs [sic] hereby stipulate that the amount in controversy is less than $74,999.00." *See* Pl.'s Original Pet. at ¶ 1.  Plaintiff's unsworn allegation that he seeks damages of $74,999 or less, does not amount to the binding stipulation or affidavit required to avoid federal jurisdiction. *See De Aguilar*, 47 F.3d at 1411-12.   Therefore, Palomar can secure removal if it "show[s] by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional limit." *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009).

2.17    Here, Plaintiff's allegation that he seeks damages of monetary relief of no more than $74,999.00 belies his prior assertions of damages.  On June 24, 2016, Mr. Yado issued a demand letter for $36,968.92. *See* Ex. E, Ramirez Aff., Ex. D-1 at p. 3 (Demand Letter).  The demand included $24,688.92 in economic damages, $10,000 in mental anguish, and $2,000 in attorney's fees and expenses. *See id.*  In addition to economic damages, mental anguish and attorney's fees, Mr. Yado states that the carrier could be subject to treble damages if a lawsuit was filed.  Indeed, in his petition, Mr. Yado brings

claims against Palomar under the DTPA and Insurance Code and seeks treble damages interest penalties and punitive damages. *See* Pl.'s Original Pet. at ¶ 14, 22 and XIII. Trebled economic damages alleged in Plaintiff's demand letter alone would total $74,066.76. *See* Ex. D-1. The inclusion of other damages sought by Plaintiff, including attorney's fees, pre-judgment interest, post-judgment interest and punitive damages, puts the amount in controversy within the jurisdictional limits of this Court. In light of this evidence, Mr. Yado cannot credibly claim that his claims are worth less than $75,000. Any such claim would be nothing more than an abusive manipulation of the case in a blatant attempt to avoid federal jurisdiction. *See De Aguilar*, 47 F.3d at 1410.

2.18   Because a preponderance of evidence shows that the amount in controversy exceeds the jurisdictional requirements, Defendant Palomar has established that this case qualifies for removal to federal court. *See* 28 U.S.C. §1332(a).

### III.  THE REMOVAL IS PROCEDURALLY CORRECT

3.1   Defendant Palomar was first served with Plaintiff's Original Petition and process on February 14, 2017. Thus, by filing its Notice of Removal and accompanying documents on this date, Defendant Palomar files its Notice of Removal within the thirty-day time period required by 28 U.S.C. §1446(b).

3.2   Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3   Pursuant to 28 U.S.C. §1446(d), promptly after Palomar files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.4 Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hidalgo County District Court, promptly after Palomar files this Notice.

## IV. **CONCLUSION**

4.1 Based on the foregoing, the exhibits submitted in support of this Notice, and other documents filed contemporaneously with this Notice and fully incorporated herein, Defendant Palomar Specialty Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001

By: */s/ Mikell A. West*
    Mikell A. West
    Attorney-in-Charge
    State Bar No. 24070832
    Southern Dist. No. 1563058
    mwest@gnqlawyers.com

**ATTORNEY FOR PALOMAR SPECIALTY INSURANCE COMPANY**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
Telephone (956) 544-7110
Fax: (956) 544-0607


William Gault
State Bar No. 07765050
Southern Dist. No.14685
bgault@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001

Thomas F. Nye
State Bar No. 15154025
Southern Dist. No. 7952
tnye@gnqlawyers.com

Donald W. Elliott, Jr.
State Bar No. 24097651
Southern Dist. No. 2783040
delliott@gnqlawyers.com

John R. Lamont
State Bar No. 24099876
Southern Dist. No. 3028487
jlamont@gnqlawyers.com

## **CERTIFICATE OF SERVICE**

I, Mikell A. West, certify that on March 16, 2017, a copy of Defendant Palomar Specialty Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiff, Hector Yado:

**VIA CM/RRR #7016 1970 0000 5545 7887**
Frederick J. Castro
Thomas G. Rayfield
1300 N 10th St, Ste 300
McAllen, Texas 78501

By: */s/ Mikell A. West*
　　Mikell A. West