C-0017-17-A
## 92ND DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

### STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**PALOMAR SPECIALTY INSURANCE COMPANY**
**BY SERVING REGISTERED AGENT, CT CORPORATION SYSTEM**
**1999 BRYAN ST STE 900**
**DALLAS, TEXAS 75201-3140**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Luis M. Singleterry, 92nd District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 3rd day of January, 2017 and a copy of same accompanies this citation. The file number and style of said suit being C-0017-17-A, **HECTOR YADO  VS.  PALOMAR SPECIALTY INSURANCE CO**

Said Petition was filed in said court by THOMAS G. RAYFIELD, 1300 N 10TH ST STE 300 MCALLEN TX 78501-4392.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 31st day of January, 2017.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**MONICA VALDEZ, DEPUTY CLERK**

EXHIBIT
B

C-0017-17-A
## OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:  serving ... copy(s) $_____
            miles ...................$_____

_____
**DEPUTY**
### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
3/10/2017 9:18:37 AM
Hidalgo County District Clerks
Reviewed By: Jonathan Coronado

CAUSE NO. C-0017-17-A

| | | |
|---|---|---|
| HECTOR YADO | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | 92nd JUDICIAL DISTRICT |
| | § | |
| PALOMAR SPECIALTY INSURANCE CO | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT'S DEMAND FOR JURY

COMES NOW, PALOMAR SPECIALTY INSURANCE COMPANY, Defendant in the above-referenced cause, and demands a trial by jury and hereby deposits its Forty Dollar ($40) jury fee.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
Thomas F. Nye
State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANT PALOMAR
SPECIALTY INSURANCE COMPANY

Electronically Filed
3/10/2017 9:18:37 AM
Hidalgo County District Clerks
Reviewed By: Jonathan Coronado

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 10th day of March, 2017, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiff*
Federick J. Castro
Thomas G. Rayfield
Email:  fredjcastro@gmail.com
        trayfield@sbcglobal.net

**VIA E-FILING**

_____
Thomas F. Nye

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* ___ C-0017-17-A ___     COURT *(FOR CLERK USE ONLY):* _____

STYLED _ HECTOR YADO, PLAINTIFF, vs. PALOMAR SPECIALTY INSURANCE COMPANY, DEFENDANT
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Frederick J. Castro<br>Address:<br><br>1300 North 10th Street, Suite 300<br><br>City/State/Zip:<br>McAllen, TX 78501<br><br>Signature:<br>Frederick J. Castro | Email:<br>FREDJCASTRO@GMAIL.COM_<br><br>Telephone:<br>956.562.1570<br><br><br>Fax:<br>877.876.9391<br><br>State Bar No:<br>24045628 | Plaintiff(s)/Petitioner(s):<br><br>HECTOR YADO<br><br>_____<br><br>Defendant(s)/Respondent(s):<br><br>PALOMAR SPECIALTY INSURANCE COMPANY<br><br>[Attach additional page as necessary to list all parties] | ☐Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☒Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>  ☐Accounting<br>  ☐Legal<br>  ☐Medical<br>  ☐Other Professional<br>  Liability:<br><br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>  ☐Asbestos/Silica<br>  ☐Other Product Liability<br>  List Product:<br><br>☐Other Injury or Damage: | ☐Eminent Domain/<br>  Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>  Pre-indictment<br>☐Other: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>  ☐With Children<br>  ☐No Children<br><br><br>**Other Family Law**<br>☐Enforce Foreign<br>  Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>  of Minority<br>☐Other: | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br>  Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>  Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>  Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: | | |

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

Electronically Filed
3/10/2017 9:18:37 AM
Hidalgo County District Clerks
Reviewed By: Jonathan Coronado

CAUSE NO. C-0017-17-A

| | | |
|---|---|---|
| HECTOR YADO | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | 92nd JUDICIAL DISTRICT |
| | § | |
| PALOMAR SPECIALTY INSURANCE CO | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT PALOMAR SPECIALTY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PALOMAR SPECIALTY INSURANCE COMPANY, Defendant in the above-styled and numbered cause, and makes and files this, its original answer in reply to Plaintiff's Petition, and for such answer would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiff's Petition and demand strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiff's claim. Without limiting the foregoing, Defendant denies that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiff bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made.

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required

Electronically Filed
3/10/2017 9:18:37 AM
Hidalgo County District Clerks
Reviewed By: Jonathan Coronado

under the Texas Insurance Code and Texas Business & Commerce Code. TEX. INS. CODE § 541.161(b).

4.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiff includes a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own independent appraiser. In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Defendant insurance company was potentially deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit potentially prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.

5.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiff that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

Electronically Filed
3/10/2017 9:18:37 AM
Hidalgo County District Clerks
Reviewed By: Jonathan Coronado

6.

## Requests for Disclosure

At the time required by law or the Rules, this Defendant requests the Plaintiff to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED. Defendant prays that upon final hearing hereof, that Plaintiff not recover against Defendant and that Defendant goes hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
Thomas F. Nye
State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANT PALOMAR
SPECIALTY INSURANCE COMPANY

Electronically Filed
3/10/2017 9:18:37 AM
Hidalgo County District Clerks
Reviewed By: Jonathan Coronado

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 10th day of March, 2017, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiff*
Federick J. Castro
Thomas G. Rayfield
Email:  fredjcastro@gmail.com
        trayfield@sbcglobal.net

**VIA E-FILING**

Thomas F. Nye

Electronically Filed
1/3/2017 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. _____C-0017-17-A_____

| | | |
|---|---|---|
| HECTOR YADO | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| PALOMAR SPECIALTY INSURANCE CO | § | |
| DEFENDANT | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, HECTOR YADO, PLAINTIFF, and files this, her Plaintiff's Original Petition against DEFENDANT PALOMAR SPECIALTY INSURANCE COMPANY and for cause of action would respectfully show the Court the following:

### I. Discovery & Amount Claimed

1.     Pursuant to rule 190 of the Texas Rules of Civil Procedure, PLAINTIFF intends to conduct discovery under Level 2. Pursuant to T.R.C.P., Rule 47, PLAINTIFF is seeking monitory relief not more than $100,000.00. For purposes of determing jurisdiction in the Federal Courts, Plaintiffs hereby stipulate that the amount in controversy is less than $74,999.00.

### II. Parties and Service

2.     PLAINTIFF HECTOR YADO (hereinafter referred to as ("PLAINTIFF"), is an individual residing in Hidalgo County, Texas.

3.     PALOMAR SPECIALTY INSURANCE COMPANY (hereinafter referred to as "DEFENDANT"), may be cited with process by Certified Mail Return Receipt Requested, by serving its registered agent of service, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas TX 75201-3140. Plaintiff requests that the district clerk's office prepare

Electronically Filed
1/3/2017 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0017-17-A

citation for service by private process server.

### III. Jurisdiction and Venue

4.      Venue of this action is proper in Hidalgo County, Texas because the policy at issue was issued and delivered in Hidalgo County, Texas, because the property insured is situated in Hidalgo County, Texas, because PLAINTIFF'S losses occurred in Hidalgo County, Texas, and because all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFF'S claims and causes of action occurred in Hidalgo County, Texas.

5.      Jurisdiction is proper in this state as the DEFENDANT is conducting business in the State of Texas.   The insurance business done by the DEFENDANT in Texas includes, but is not limited to, the following:

A.      The making and issuing of contracts of insurance with the PLAINTIFF;

B.      The taking or receiving of application for insurance, including the PLAINTIFF applications for insurance;

C.      The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFF; and

D.      The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFF.

E.      The investigation and or adjustment of insurance claims within the state of Texas.

Electronically Filed
1/3/2017 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0017-17-A

## IV. Facts

6.     PLAINTIFF purchased an insurance policy from the Defendant, insuring his home. DEFENDANT provided coverage to the PLAINTIFF for such dwelling, personal property, and other matters under the Insurance Policy. DEFENDANT and/or their agents committed the actions alleged against PLAINTIFF in this complaint.

7.     On or about October 24, 2015, at the Plaintiff's home at 1915 Hollow Rd., Weslaco, Texas, PLAINTIFF sustained covered losses in the form of wind, hailstorm, and water damages resulting there from openings created by those perils, including damage to the architectural finishes of the property. As a result, of the covered events PLAINTIFF'S property sustained damage, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas.

8.     The damages sustained by PLAINTIFF'S home are covered damages under the insurance policy. Although the PLAINTIFF requested payment from the DEFENDANT for claims covered by the policy, the DEFENDANT has wrongfully refused to pay those claims, for which the PLAINTIFF now sues.

## V. Damages

9.     PLAINTIFF has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having to live in a damaged home during the pendency of DEFENDANT'S claims decision.

## VI. Conditions Precedent

10.     All notices and proofs of loss were timely and properly given to DEFENDANT in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law.  PLAINTIFF provided written demand

Electronically Filed
1/3/2017 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0017-17-A

more than 60 days prior to filing suit, pursuant to Texas Business & Commerce Code, Section 17.505(a), and Texas Insurance Code, Section 541.154.

11.    All of the conditions precedents to bring this suit under the insurance policy, and applicable statutory regimes have occurred.

## VII. Breach of Contract

12.    PLAINTIFF purchased an insurance policy with DEFENDANT. PLAINTIFF'S property was damaged by windstorm and hailstorm created openings through which water damage resulted. These damages are covered under the insurance policy. DEFENDANT has denied and/or delayed payment of PLAINTIFF'S covered claims. DEFENDANT has no reasonable basis for denying, delaying, or failing to pay PLAINTIFF'S claims for damages. DEFENDANT knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. The conduct of DEFENDANT was irresponsible, and unconscionable. DEFENDANT took advantage of the PLAINTIFF'S lack of sophistication in insurance and construction matters to a grossly unfair degree. DEFENDANT has, by its conduct, breached its contract with the PLAINTIFF. The conduct of DEFENDANT has proximately caused the injuries and damages to the PLAINTIFF.

## VIII. DTPA Violations

13.    PLAINTIFF is a consumer entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By their conduct outlined above, DEFENDANT has engaged in the following violations of the DTPA which, together and separately, has been a producing cause of PLAINTIFF'S damages:

(a)    DEFENDANT made false representations about PLAINTIFF'S rights, remedies

Electronically Filed
1/3/2017 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0017-17-A

and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)   DEFENDANT actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)   DEFENDANT  failed to disclose information to PLAINTIFF concerning the nature and extent of their insurance policy which was known by DEFENDANT  at the time for the purpose of inducing PLAINTIFF into transactions which they would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)   The DEFENDANT breached express warranties to the PLAINTIFF regarding insurance coverage and payment of claims. The DEFENDANT'S breach of the express warranties are actionable under DTPA §17.50(a)(2).

(e)   As described above, DEFENDANT violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

14.   DEFENDANT took advantage of PLAINTIFF'S lack of knowledge in construction and insurance claims processes; misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the PLAINTIFF'S property. DEFENDANT's conduct as described herein was a producing cause of damages to PLAINTIFF for which he sues. The conduct of DEFENDANT was more than just a mistake and was done "knowingly" and/or "intentionally" as that term is

Electronically Filed
1/3/2017 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0017-17-A

derived by statue. Because of their conduct DEFENDANT may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFF seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

IX. Unfair Insurance Practices

15.    DEFENDANT failed to inform PLAINTIFF of material facts such as the true scope of damage, terms of the policy, and cost to repair. DEFENDANT failed to properly process claims and have misrepresented material facts to the PLAINTIFF. DEFENDANT has failed to address all damage to the property and its contents causing further damage to the PLAINTIFF.

16.    Further, DEFENDANT intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFF; and has intentionally ignored damages to the dwelling.  PLAINTIFF'S property suffered from covered losses and damages of which DEFENDANT are fully aware. DEFENDANT concealed damage known by them to exist. DEFENDANT knows about covered windstorm and water damages but have failed to perform proper testing and concealed facts from PLAINTIFF about the damages, such as the amount of and the extent of covered losses, preferring instead to pay a small portion of loss, and to deny the rest.  PLAINTIFF attempted to dispute these charges on her own, but was forced to hire her attorneys when DEFENDANT failed to respond.

17.    By their conduct outlined above, DEFENDANT committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the

Electronically Filed
1/3/2017 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0017-17-A

statutes, rules and regulations incorporated therein. DEFENDANT committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)    DEFENDANT failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFF'S claims once liability becomes reasonably clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)    DEFENDANT failed to provide promptly to PLAINTIFF'S a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)    DEFENDANT refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)    DEFENDANT breached its duty of good faith and fair dealing at common law;

(5)    DEFENDANT failed within a reasonable time to affirm or deny coverage of a claim to a policyholder (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

(6)    DEFENDANT failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(7)    DEFENDANT compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC

Electronically Filed
1/3/2017 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0017-17-A

section 21.203(6);

(8)     DEFENDANT violated the Prompt Payment of Claims Statute (28 TAC section
        21.203(18));

(9)     DEFENDANT undertook to enforce a full and final release of a claim from a
        policyholder when only a partial payment has been made, unless the payment is
        a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann.
        541.060(a)(6); 28 TAC section 21.203(13)); and

(10)    DEFENDANT committed the following unfair methods of competition or deceptive
        acts or practices in the business of insurance in violation of Texas Insurance
        Code and the Texas Administrative Code by:

        (a)     DEFENDANT made, issued or circulated or caused to be made, issued or
                circulated an estimate, illustration, circular or statement misrepresenting
                with respect to the policy issued or to be issued:

                (i)     the terms of the policy; and/or

                (ii)    the benefits or advantages promised by the policy.

        (b)     DEFENDANT made untrue statements of material facts (Tex. Ins. Code
                Ann. 541.060(a)(1); 28 TAC section 21.203(1));

        (c)     DEFENDANT failed to state a material fact necessary to make other
                statements made not misleading considering the circumstances under
                which statements were made; and

        (d)     DEFENDANT made statements in a manner that would mislead a
                reasonably prudent person to a false conclusion of material fact.

        (e)     DEFENDANT is refusing, failing, or unreasonably delaying a settlement

Electronically Filed
1/3/2017 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0017-17-A

offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); and 28 TAC section 21.203(11).

18.    The conduct of DEFENDANT as described herein was a producing cause of damages to PLAINTIFF.

### X. Breach of the Duty of Good Faith and Fair Dealing

19.    From and after the time the PLAINTIFF'S claims were presented to DEFENDANT, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFF'S claims, DEFENDANT refused to accept the claims in totality and pay the PLAINTIFF as the policy required. At that time, DEFENDANT knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear.

20.    DEFENDANT failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTIFF'S claims in good faith, an affirmative duty placed on the DEFENDANT, by Texas Law.  Through the actions described above, DEFENDANT breached their duty to deal fairly and in good faith with the PLAINTIFF. DEFENDANT'S breach was a proximate cause of the losses, expenses, and damages suffered by the PLAINTIFF for which he sues.

Electronically Filed
1/3/2017 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0017-17-A

XI. Texas Insurance Code 542, Subchapter B Delay in Payment

21.     PLAINTIFF gave prompt notice of her claims to DEFENDANT and DEFENDANT engaged in unfair settlement claims practices as discussed above and denied and/or have delayed payment on PLAINTIFF'S claims. DEFENDANT'S investigation and reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. DEFENDANT'S minimal investigation and use of adjusters' reports was an "outcome oriented investigation". PLAINTIFF disputes the reliability of their investigative findings. DEFENDANT has failed to comply with the requirements of Chapter 542 listed herein:

> (a)     Failing to notify PLAINTIFF in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or
>
> (b)     Failing to pay PLAINTIFF'S claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and
>
> (c)     Failing to request all of the items, statements and forms the DEFENDANT reasonably believed at the time would be required from PLAINTIFF to pay the claim within 15 days after receiving notice of the claim.

22.     Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF is entitled to recover from DEFENDANT the statutory penalty of 18% per annum on all amounts due on PLAINTIFF'S claim, together with attorney's fees, for which he sues.

Electronically Filed
1/3/2017 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0017-17-A

XII.

23.     PLAINTIFF allege that as to any terms, conditions, notices, or requests under the

insurance contract, PLAINTIFF has substantially complied and/or is excused. In the

alternative, PLAINTIFF makes the allegation of waiver and/or estoppels as to every

defense or exclusion plead by DEFENDANT and furthermore would show that:

1.     The clear and unambiguous language of the policy provides coverage for

dwelling damage caused by windstorm and water damage, including the

cost of access to fix the damaged areas. Any other construction of the

language of the policy is void as against public policy;

2.     Any other construction and its use by DEFENDANT violates section 541

and 542 of the Texas Insurance Code and are void as against public

policy;

3.     Any other construction violates Art. 17.50 of the Texas Business and

Commerce Code, is unconscionable, was procured by fraudulent

inducement, and is void as against public policy;

4.     Any other construction is otherwise void as against public policy, illegal,

and volatiles state law and administrative rule and regulation;

5.     The adoption of any other construction constitutes wrongful or bad faith

cancellation and/or refusal to renew a portion of PLAINTIFF'S

predecessor policy with DEFENDANT In this regard, PLAINTIFF would

show that a similar insurance policy was renewed uninterrupted for many

years; and

6.     The adoption of any other construction constitutes conduct in violation of

Electronically Filed
1/3/2017 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0017-17-A

the laws of this state; including section 541 and 542 of Texas Insurance Code is void as against public policy.

24.    If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFF. In the alternative, DEFENDANT is judicially, administratively, or equitably stopped from denying PLAINTIFF'S construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake requiring reformation.

XIII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which he may show herself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the DEFENDANT for actual attorney's fees, cost of suit, mental anguish, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading, and for such other and further relief to which he may be entitled.

Respectfully submitted,

*Frederick J. Castro*

FREDERICK J. CASTRO
FREDJCASTRO@GMAIL.COM
STATE BAR NO. 24045628
1300 North Tenth Street, Suite 300
McAllen, TX 78501-4392
T 956.562.1570

Electronically Filed
1/3/2017 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0017-17-A**

F 877.876.9391
ATTORNEY IN CHARGE FOR
PLAINTIFF HECTOR YADO

Respectfully submitted,

*Thomas G. Rayfield*

THOMAS G. RAYFIELD
ATTORNEY AT LAW
trayfield@sbcglobal.net
State Bar No. 16615825
1300 North Tenth Street, Suite 300
McAllen, TX 78501-4392
T (956) 994-1155
F (956) 994-1148
ASSISTING ATTORNEY FOR
PLAINTIFF, HECTOR YADO

Electronically Filed
1/30/2017 11:49:38 AM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

LAW OFFICES OF

# THOMAS G. RAYFIELD

THE ATRIUM BUILDING
1300 NORTH 10TH STREET, SUITE 300
McALLEN, TEXAS 78501-4392

TELEPHONE: (956) 994-1155
FACSIMILE: (956) 994-1148
E-MAIL: Trayfield@aol.com

January 30, 2017

Hidalgo County Clerk's Office

Please be advised that the Original Petition without the service of citations were filed on January 3, 2017, as per the Clerk's office, I am to send a letter head from our office and request said citations. Below are the cases we need citations prepared for. Please prepare only and our private processor will pick up citations.

RE:   Cause No. C-0017-17-A; Hector Yado vs Palomar Specialty Insurance Co.; In the 92nd Judicial District Hidalgo County, Texas.

RE:   Cause No. Hector Moncivais vs. Foremost Lloyds of Texas; In the 206th Judicial District Court of Hidalgo County, Texas.

RE:   Causes No. C-0019-17-I; Juan M. Pedraza & Yolanda Tovar vs. Foremost Lloyds of Texas; In the 398th Judicial District Court in Hidalgo County, Texas.

Sincerely

Angelin Flores
Assistant to Thomas G. Rayfield

Electronically Filed
3/13/2017 10:47:11 AM
Hidalgo County District Clerk
Reviewed By: Monica Valdez

HIDALGO COUNTY DISTRICT

# LAURA HINOJOSA

Greetings:

Attached you will find the service requested.

May this serve to inform you that service has been issued. Please proceed in attaching any file stamped documents that need to be served as stated on your issued service.

Please note, the link you are about to open is a "live link" notification. Please ensure you are printing the service which includes our clerk's signature and the State Seal. If you are opening a document without the official certifications (signature and seal) please close the window until the document is processed accordingly. This may take a few minutes.

*When serving protective orders, please DO NOT serve the TCIC form to respondent.

We appreciate the opportunity to assist you. Please contact our office if you have any questions or require additional information.

Sincerely,

Laura Hinojosa
Hidalgo County District Clerk

| Nilda VanHook | Ricardo Contreras | Adriana "Audry" Garcia | Sabrina S. Guerra | Oneida Lomas | Stephanie Palacios | Aida Villarreal |
|---|---|---|---|---|---|---|
| CHIEF DEPUTY | CHIEF OF ADMINISTRATION & PUBLIC INFORMATION | ASSISTANT CHIEF DEPUTY | SENIOR ACCOUNTANT | DEPUTY DISTRICT CLERK SUPERVISOR | BUDGET & PROCUREMENT OFFICER | CHIEF OF APPEALS |

C-0017-17-A

92ND DISTRICT COURT, HIDALGO COUNTY, TEXAS

CITATION

STATE OF TEXAS

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**PALOMAR SPECIALTY INSURANCE COMPANY**
**BY SERVING REGISTERED AGENT, CT CORPORATION SYSTEM**
**1999 BRYAN ST STE 900**
**DALLAS TX  75201-3140**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Luis M. Singleterry, 92nd District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 3rd day of January, 2017 and a copy of same accompanies this citation.  The file number and style of said suit being C-0017-17-A, **HECTOR GARZA  VS.  PALOMAR SPECIALTY INSURANCE CO**

Said Petition was filed in said court by THOMAS G. RAYFIELD, 1300 N 10TH ST STE 300  MCALLEN TX  78501-4392.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 31st day of January, 2017.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**MONICA VALDEZ, DEPUTY CLERK**

C-0017-17-A
**OFFICER'S RETURN**

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ....................$_____

_____
**DEPUTY**
**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**



Electronically Filed
03/13/2017 3:03:57 PM
Hidalgo County District Clerk
Reviewed By: Monica Valdez

Greetings:

Attached you will find the service requested.

May this serve to inform you that service has been issued. Please proceed in attaching any file stamped documents that need to be served as stated on your issued service.

Please note, the link you are about to open is a "live link" notification. Please ensure you are printing the service which includes our clerk's signature and the State Seal. If you are opening a document without the official certifications (signature and seal) please close the window until the document is processed accordingly. This may take a few minutes.

*When serving protective orders, please DO NOT serve the TCIC form to respondent.

We appreciate the opportunity to assist you. Please contact our office if you have any questions or require additional information.

Sincerely,

Laura Hinojosa
Hidalgo County District Clerk

P.O. BOX 87 EDINBURG, TEXAS 78540     districtclerk@co.hidalgo.tx.us     OFFICE (956) 318-2200  FAX (956) 318-2251

| Nilda VanHook | Ricardo Contreras | Adriana "Audry" | Sabrina S. | Oneida Lomas | Stephanie Palacios | Aida Villarreal |
|---|---|---|---|---|---|---|
| CHIEF DEPUTY | CHIEF OF ADMINISTRATION & PUBLIC INFORMATION | Garcia ASSISTANT CHIEF DEPUTY | Guerra SENIOR ACCOUNTANT | DEPUTY DISTRICT CLERK SUPERVISOR | BUDGET & PROCUREMENT OFFICER | CHIEF OF APPEALS |